`

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re LIGHTINTHEBOX HOLDING CO., LTD., SECURITIES LITIGATION | : | Case No.: 1:13-cv-06016-VEC |

# LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

# I. INTRODUCTION

On November 26, 2014, the Court entered the Preliminary Approval Order (Docket No. 79).

On May 8, 2015, the Court entered the Order ("Final Judgment") (Docket No. 96) wherein, in pertinent part:

(1) the Settlement as set forth in the Stipulation of Settlement ("Stipulation") is approved as fair, adequate, and reasonable and in the best interests of the Settlement Class;

(2) the Court grants the motion for final approval of the class settlement and plan of allocation;

(3) the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members. Class Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions; and

(4) Lead Counsel is hereby awarded $271,250 as attorney's fees in this action and reimburses Lead Counsel out of the Settlement Fund in the amount of $21,313.10 for its expenses and costs.

Plaintiffs' Counsel has been advised by the court-appointed Claims Administrator, Strategic Claims Services ("SCS"), that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice[1], and has determined which of those persons are Authorized Claimants. *See*

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation of Settlement, dated September 4, 2014 (the "Stipulation").

Exhibit 1 to the Declaration of Jonathan Stern in Support of Lead Plaintiffs' Motion for Distribution of Class Settlement Funds, Declaration of Josephine Bravata Concerning Administrative Procedures Performed to Process Claims and the Results Thereof ("Bravata Declaration") ¶¶ 4-7; Stipulation at p. 17, Section 7.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Stipulation at p. 17, Section 7.2 (d). Plaintiffs' Counsel requests that the Court authorize the distribution of the Net Settlement Fund.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator postmarked by no later than February 25, 2015. Prelim. App. Order ¶ 20. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. Bravata Declaration ¶ 5.

SCS identified 95 inadequately documented claims. Bravata Declaration ¶ 5b. When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency. *Id.* Of the 95 claims initially identified as deficient, 58 have been successfully rectified and are now considered valid. *Id.* Each of the remaining 37 deficient claimants either did not respond to the deficiency notice, or responded with insufficient documentation. *Id.* These claimants were sent a rejection notice explaining the reason(s) for their rejection. *Id.* To date, none of these 37 rejected claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 1,390 claims that it has recommended for complete rejection. Bravata Declaration. ¶ 5c. Such claimants were sent rejection notices advising them of SCS's

determination, and to date, none of these claimants have objected to or contested their rejection. *Id.*

**B. Properly Documented Claims**

The Preliminary Approval Order provides that: "Any Settlement Class Member who wishes to share in the distribution of the proceeds of the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be received by the Claims Administrator no later than February 25, 2015 (twenty eight (28) days prior to the Settlement Hearing). Any Settlement Class Member who does not submit a Proof of Claim and the information and documentation required therein within the time allowed shall be barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise ordered by the Court." Prelim. App. Order ¶ 20.

SCS identified 999 properly documented valid claims that were received on or before September 7, 2016. Bravata Declaration ¶ 5a. These valid claims represent total Recognized Losses of $13,159,490.68. *Id.* Class Counsel accepted all late but otherwise valid claims postmarked after February 25, 2015, but received by SCS before September 7, 2016, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims".); *see also*, *In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within

one month and four days of original deadline to participate in the distribution of settlement funds).

Lead Plaintiff respectfully requests that the Court approve the 999 properly documented claims as listed in Exhibits B-1, B-2, and B-3 of the Bravata Declaration.

**III. DISTRIBUTION OF THE NET SETTLEMENT FUND**

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, the Net Settlement Fund shall be distributed by the Claims Administrator, under the supervision of Plaintiffs' Counsel, in accordance with the Stipulation and the Plan of Allocation, or such further orders of the Court as may be necessary, or as circumstances may require. *See* Stipulation at p. 17, Section 7.3.

However, "if a claimant fails to deposit their claim check within 180 days, the Claims Administrator will redistribute the unclaimed funds to the other class members. In the event that the amount of such funds is so small that it cannot be redistributed to the class in a manner that is cost-effective, any remaining funds will be donated to the New York City Bar Justice Center, which provides free legal assistance to underserved New Yorkers." *See* Supplemental Memorandum of Law In Support of Lead Plaintiff's Motion For: (1) Final Approval of Proposed Class Action Settlement and (2) Award of Counsel Fees Reimbursement of Expenses, and Award to Lead Plaintiff, (Docket No. 94).

**IV. CONCLUSION**

Based on the foregoing, Lead Plaintiff respectfully requests that the Court decide the within motion on the papers, and approve and enter the [Proposed] Order concerning distribution.

Dated: September 16, 2016

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Stern
Laurence Rosen, Esq.
Jonathan Stern, Esq.
Phillip Kim, Esp.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
jstern@rosenlegal.com
lrosen@rosenlegal.com
pkim@rosenlegal.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF system on September 16, 2016.

/s/ Laurence Rosen